# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

CRAIG T. GOLDBLATT
JUDGE

824 N. MARKET STREET
WILMINGTON, DELAWARE
(302) 252-3832



July 18, 2024

**VIA CM/ECF**

    Re:   *In re Team Systems International, LLC*, No. 22-10066; *Miller v. KPMG*, Adv. Proc. No. 24-50003

Dear Counsel:

The TSI members' motion to intervene in this adversary proceeding is now fully briefed.[1] For the reasons described below, the Court will deny the motion.

The trustee in this chapter 7 bankruptcy case filed a complaint against the accounting firm, KPMG, seeking to recover certain prepetition transfers.[2] The TSI members (who are equity holders of the debtor) filed a motion to intervene in the adversary proceeding. The members separately moved for summary judgment. That summary judgment motion argues that the Court should grant summary judgment in favor of KPMG.[3]

---

[1] D.I. 17, 22, 23.

[2] D.I. 1.

[3] D.I. 18 & 19.

*In re Team Systems International, LLC*, No. 22-10066; *Miller v. KPMG*,
Adv. Proc. No. 24-50003
July 18, 2024
Page 2 of 4

The proposed intervenors argue the proceeding will harm their potential future relationship with KPMG, so they should be permitted to intervene in the hopes of ending the litigation.[4] The trustee opposed the motion and KPMG took no position.

The motion proceeds from a fundamental misapprehension of what intervention is. Civil Rule 24(b) allows a party to intervene if such party "has a claim or defense that shares with the main action a common question of law or fact."[5] Motions to intervene must attach a pleading, laying out that claim or defense, in compliance with Civil Rule 5.[6] Importantly, a "claim or defense" requires a *legally cognizable* interest that needs protection through intervention.[7] Courts permit intervention when it creates judicial efficiency to hear such claims and defenses at once, rather than through separate proceedings.[8] The point is that the intervening party must be asserting the party's own rights or interests. There is no such thing as intervening for the purpose of helping *another* party protect *that* party's interests. That is what is called third-party standing. And the law is clear that one is permitted

---

[4] D.I. 17.

[5] Fed. R. Civ. P. 24(b) (made applicable by Fed. R. Bankr. P. 7024). The proposed intervenors argue that Bankruptcy Rule 2018(a) governs this motion. In the context of an adversary proceeding, however, the more specific requirements of Rule 7024 must prevail over the general provisions of Rule 2018(a).

[6] Fed. R. Civ. P. 24(c) (requiring pleading as provided by Fed. R. Civ. P. 5).

[7] *See, e.g., Mountain Top Condominium Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 366 (3d Cir. 1995) ("The applicant must demonstrate that there is a tangible threat to a legally cognizable interest to have the right to intervene.") (internal quotation and citation omitted).

[8] *Brody By and Through Sugzdinis v. Spang*, 957 F.2d 1108, 1116 (3d Cir. 1992).

*In re Team Systems International, LLC*, No. 22-10066; *Miller v. KPMG*, Adv. Proc. No. 24-50003
July 18, 2024
Page 3 of 4

to litigate the rights of *another* party only in unusual circumstances, none of which is present here.[9]

The parties dispute whether the members have standing to appear and be heard. There are, to be sure, interesting questions about how one might think about standing in a chapter 7 case. On the one hand, chapter 7 does not have a provision like § 1109(b), which grants all parties in interest standing to appear and be heard on any matter. And on that basis, one might argue (as the trustee does) that the members lack such standing. On the other hand, a chapter 7 case is still an *in rem* proceeding in which creditors (and, in the case of the solvent debtor, equity holders) have an interest in the *res* and thus have an actual or potential economic stake in the outcome.

Those questions are interesting and would need to be answered in a dispute in which, for example, the members filed an objection to the allowance of a creditor's claim. But they need not be answered here. Because even if the members have a stake in the bankruptcy case, having such a stake does not mean that the TSI members may then step in and defend *KPMG's* interest in the adversary proceeding.

It is true that in the chapter 11 context (where there is different statutory language), the Third Circuit has held that a creditors' committee has the right to intervene as a party in an adversary proceeding that implicates the rights of the

---

[9] *Powers v. Ohio,* 499 U.S. 400, 410 (1991) ("a litigant must assert his or her own legal rights and interests, and cannot rest a claim to relief on the legal rights or interests of third parties").

*In re Team Systems International, LLC*, No. 22-10066; *Miller v. KPMG*, Adv. Proc. No. 24-50003
July 18, 2024
Page 4 of 4

bankruptcy estate.[10] But that kind of intervention involves the committee *becoming* a plaintiff in the case to assert the rights of the estate. The TSI members, on the other hand, do not propose themselves to intervene either as a plaintiff or a defendant. Despite the mandatory language of Rule 24(c), their motion does not attach a pleading that sets out the claim or defense for which intervention sought. And it is plain that the TSI members do not themselves have such a claim or defense. Instead, they essentially seek to step in and save KPMG the trouble of having to defend *its* interest in the lawsuit.

The TSI members say that they should be permitted to do so because they have an interest in preserving their relationship with KPMG. And while it may well be the case that the members have an interest in doing so, that is not the kind of legally cognizable interest – the kind of interest that would be set forth in a complaint or an answer – that would support a right to intervene.[11]

For the foregoing reasons, the motion to intervene will be denied. A separate order will issue.

Sincerely,

Craig T. Goldblatt
United States Bankruptcy Judge

---

[10] *In re Marin Motor Oil*, 689 F.2d 445 (3d Cir. 1982).

[11] *See Brody*, 957 F.2d at 1116 (recognizing legally cognizable interests are not ones "of a general and indefinite character.")